096087-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ROLANDO REYES,

    Plaintiff,

vs.

HOLIDAY CVS, L.L.C.,

    Defendant.
_____/

## DEFENDANT'S, HOLIDAY CVS, L.L.C., NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Holiday CVS, L.L.C. (hereinafter, "CVS"), hereby removes the above-styled action from the Eleventh Judicial Circuit for Miami-Dade County, to the United District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendant states as follows:

    1.    CVS is the sole Defendant in a civil action brought against it in the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled *Rolando Reyes vs. Holiday CVS, L.L.C.,* Case No. 2020-006397-CA-01. A true and correct copy of all process and pleadings served upon CVS are attached hereto as Composite Exhibit "1" in compliance with 28 U.S.C. § 1447(b).

    2.    This action involves the Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the CVS store located at 650 NW 27th Avenue in Miami, Florida 33125 on May 3, 2018. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Ex.1.

    3.    On or about April 28, 2020, the Plaintiff served Holiday CVS, L.L.C. *See* Affidavit of Service of Process, dated April 28, 2020, attached hereto as part of Composite Ex. 1.

CASE NO. _____

4. Defendant, CVS, filed this Notice of Removal within thirty (30) days after being served with Plaintiff's Complaint on April 28, 2020. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

5. The amount in controversy in this case exceeds $750,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, the Plaintiff issued a presuit demand for $750,000.00 in damages, which demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court. *See* Plaintiff's Demand Letter, dated January 8, 2019, attached hereto as Exhibit "2". Therefore, Defendant has met its burden in establishing the amount in controversy requirement. S*ee Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, *2 (Fla. S.D. Jan. 11, 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

6. The Plaintiff, Rolando Reyes, is a resident of the state of Florida. *See* Redacted Medical Record of Plaintiff, attached hereto as Exhibit "3". Consequently, the Plaintiff is

CASE NO. _____

presumed to be a citizen of the State of Florida.  *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

7. Further, Defendant, Holiday CVS, L.L.C., is a single member LLC, its sole managing member being CVS Pharmacy, Inc., which is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode Island. *See* Fla. Division of Corporations 2020 Annual Report, attached hereto as Exhibit "4". Therefore, Defendant, Holiday CVS, LLC, is a citizen of the state of Rhode Island. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004)); *Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business."). Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Rhode Island.  Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

8. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. § 1446(d), CVS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eleventh Judicial Circuit, in and for Miami-Dade, Florida and will provide written notice of this

CASE NO. _____

Notice of Removal to all parties via e-service.  A copy of the Notice of Filing is attached hereto as Exhibit "5".

Dated:  5/27/2020

Respectfully submitted,

  */s/ Jacob J. Liro*_____
Jacob J. Liro, Esquire (32720)
JLiro@wickersmith.com
WICKER SMITH O'HARA
  McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Telephone:    (305) 448-3939
Facsimile:     (305) 441-1745
Attorneys for Holiday CVS, LLC

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on May 27, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

  */s/ Jacob J. Liro*_____
Jacob J. Liro, Esquire

- 5 -

CASE NO. _____

**<u>SERVICE LIST</u>**

Paul M. Adams, Esquire
Schwed Adams & McGinley, P.A.
7111 Fairway Drive, Suite 105
Palm Beach Gardens, FL  33418
Telephone:	(561) 694-6079
Facsimile:	(561) 694-6089
eservice@schwedlawfirm.com